R. W. MEREDITH ET AL. *v.* G. W. BARROWS.

[Kentucky Law Reporter, Vol. 2—208.]

**Lottery Contracts.**

> A lottery contract between a city and a person authorizing a lottery on the ternary or three number plan only does not authorize a single number lottery, and the bondsmen of the operator are not liable either to the city or to the holders of tickets who may be entitled to prizes, where such tickets are issued as a single number lottery.

APPEAL FROM CAMPBELL CHANCERY COURT.

February 17, 1881.

OPINION BY JUDGE COFER:

There are two conclusive reasons why the appellants have no right to enjoin the appellees, G. W. and J. E. Barrows, from operating a lottery which it is alleged they are conducting. The contract between the city of Frankfort and Stewart only authorizes a lottery on the ternary or three number plan; and as the Barrows are operating a single number lottery it is illegal, and appellants can not in any event become liable on the bond of Stewart, on which they are sureties, either to the city or to the holders of tickets who may be entitled to prizes. That the Barrows profess and claim to have authority under the Frankfort grant can not alter the fact that they have no such authority.

The Barrows only claim to be the owners of nineteen classes in a scheme consisting of 30,900 classes. This gives them no authority whatever to draw a lottery. The lottery franchise is an entirety, and only authorizes the setting up and operating a single lottery, and does not authorize the sale of classes to different per-

sons, and the operation of a separate lottery by each owner of a class.

Whether Stewart could legally transfer the whole scheme so as to authorize the transferee or transferees to operate a lottery is a question that does not arise on this record. But for the reasons already given the judgment must be *affirmed*.

*J. G. Carlisle, D. W. Armstrong, for appellants.*

*D. W. Sanders, P. B. Muir, for appellees.*

[Cited, *Lawrence v. Simmons,* 10 Ky. L. 347.]